KAREN L. LOEFFLER
United States Attorney

JACK S. SCHMIDT
Assistant U.S. Attorney
Federal Building and U.S. Courthouse
709 West 9th Street, Room 937
Post Office Box 21627
Juneau, Alaska 99802
Phone: (907) 796-0402
Fax: (907) 796-0409
E-mail: jack.schmidt@usdoj.gov
AK# 0111074

Attorney's for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 1:13-cr-00002-TMB |
| Plaintiff, | ) |
| | ) **PLEA AGREEMENT** |
| vs. | ) |
| JOSHUA RIVER RILEY, | ) |
| Defendant. | ) |

       **Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

# I. TERMS OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11, WAIVER OF CLAIM FOR ATTORNEY'S FEES AND COSTS

## A. Terms of Agreement

The defendant agrees to plead guilty to the sole count of the indictment in this case. The United States agrees not to prosecute the defendant further for any other offense related to the event that resulted in the charge contained in the indictment, as set forth in Section V, below. The parties are free to make sentencing recommendations consistent with this agreement. Any agreements the parties have on sentencing recommendations, agreements and guideline applications are set forth in Section III, below. The defendant will waive all rights to appeal the conviction and sentence imposed under this agreement, and will waive all rights to collaterally attack the conviction and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea.

## B. Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement. Thus, the defendant may not withdraw from this agreement or the guilty plea if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

### C. Waiver of Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

## II. CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE, FORFEITURE

### A. Charges

1. The defendant agrees to plead guilty to the following count of the indictment:

    Count 1: Conspiracy to Distribute Heroin, a violation of 21 U.S.C., §§ 846 and 841(a)(1) & (b)(1)(B).

### B. Elements

The elements of the charge to which the defendant is pleading guilty are as follows:

1) Beginning at some exact time unknown, but starting at least in or about October 25, 2012, and continuing until in or about November 8, 2012, there was an agreement between two or more persons to distribute and to possess with the intent to distribute heroin; and

2) The defendant, Joshua River Riley, became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

3) The conspiracy involved 100 or more grams of a mixture and substance

containing a detectable amount of heroin, which was reasonably foreseeable to or known by the defendant.

C.     **Factual Basis**

The defendant admits the truth of the allegations in Count 1 of the indictment and the truth of the following statement, and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty plea and for the imposition of the sentence:

Beginning at some time unknown, but starting at least in or about October 25, 2012, and continuing until in or about November 8, 2012, the defendant, Joshua River RILEY did knowingly and intentionally combine, conspire, confederate, and agree others known and unknown to distribute and to possess with the intent to distribute at least 100 grams of a mixture and substance containing a detectable amount of heroin.

Starting at least in October 25, 2011, RILEY, Bradley BETHEL, and others conspired with co-conspirators in Oregon, who were sources of supply, to purchase heroin for subsequent distribution in Juneau, Alaska. RILEY previously traveled to obtain heroin directly from co-conspirators in Oregon. RILEY either personally transported the heroin on his person or used drug couriers to bring the drugs back to Juneau using commercial airlines. Once in Juneau, RILEY then distributed the heroin in the Juneau area. RILEY paid for the heroin using drug

proceeds and money from other co-conspirators and provided the money directly to the sources of supply for payment.

In or about November 8, 2012, RILEY arranged with the source of supply in Oregon to purchase approximately four ounces of heroin. RILEY, BETHEL and others provided money to purchase the heroin. BETHEL recruited and paid for the travel of the drug courier. BETHEL provided the drug courier a Tracfone and pre-programmed the phone with conspirator's contact numbers. RILEY and the drug courier traveled separately to Oregon. RILEY purchased the heroin from the Oregon source of supply and traveled with the drug courier back to Washington to catch a commercial air flight back to Juneau. The drug courier flew back to Juneau carrying on their person 106.4 grams of a mixture and substance containing a detectable amount of heroin for subsequent distribution in Juneau, Alaska.

### D. Statutory Penalties and Other Matters Affecting Sentence

#### 1. Statutory Penalties

The statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea, are as follows:

Count 1: Conspiracy to Distribute Heroin, a violation of 21 U.S.C.,

§§ 846 and 841(a)(1) & (b)(1)(B).

    1) 5 (**Mandatory Minimum**) to 40 years imprisonment;

    2) a maximum $5,000,000 fine;

    3) a $100 mandatory special assessment; and

    4) five years (**Mandatory Minimum**) to life of supervised release.

**2. Other Matters Affecting Sentence**

    **a. Conditions affecting the defendant's sentence**

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1.

    **b. Payment of Special Assessment**

The defendant agrees to pay the entire special assessment in this case on

the day the Court imposes the sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

### c. Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as, the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. If applicable, any defendant who is not a United States citizen, may be subject to deportation from the United States following conviction for a criminal offense and will not be permitted to return unless the defendant specifically receives the prior approval of the United States Attorney General.

### E. Forfeiture

There is no forfeiture in this case.

### F. Restitution

There is no agreement as to restitution in this case.

## III. ADVISORY UNITED STATES SENTENCING GUIDELINES; GUIDELINE APPLICATION AGREEMENTS; SENTENCING RECOMMENDATIONS

### A. ADVISORY UNITED STATES SENTENCING GUIDELINES

The Court must consult the advisory United States Sentencing Commission Guidelines [U.S.S.G.] as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offenses to which the defendant is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

**B.     Guideline Application Agreements**

The parties have no agreements on any guideline applications unless set forth below in this section.

**1.     Acceptance of Responsibility**

Subject to the defendant satisfying the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

### C. Sentencing Recommendations and Agreements

The United States Probation Office will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range calculation the U.S.P.O. recommends, as well as present evidence in support of their respective sentencing arguments. The parties are free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on the stipulated facts set forth in Section II C, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553.

## IV. WAIVER OF TRIAL, APPELLATE RIGHTS, AND COLLATERAL ATTACK RIGHTS

### A. Trial Rights

Being aware of the following, the defendant waives these trial rights:

- -- If pleading to an information, the right to have the charges presented to the grand jury prior to entering the guilty plea;
- -- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory

minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

-- The right to object to the composition of the grand or trial jury;

-- The right to plead not guilty or to persist in that plea if it has already been made;

-- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

-- The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial -- the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;

-- The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;

-- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf;

-- The right to contest the validity of any searches conducted on the defendant's property or person.

**B.    Appellate Rights**

The defendant waives the right to appeal the conviction resulting from the entry of guilty plea to the charges set forth in this agreement. The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties – as set forth in section II D above in this agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution.

**C.    Collateral Attack Rights**

The defendant agrees to waive all rights to collaterally attack the resulting conviction and/or sentence – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel -- based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known

by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea.

## V. ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty plea and the Court's acceptance of the defendant's plea and the terms of this agreement, the United States agrees that it will not prosecute the defendant further for any other offense -- now known -- arising out of the subject of the investigation related to the charges brought in the indictment in this case and the defendant's admissions set forth in Section II C. Provided, however, if the defendant's guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if the defendant's conviction or sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements.

## VI. ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2 (d)(7) and (8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VII. THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, JOSHUA RIVER RILEY, the defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my plea. There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, I and the United States will jointly inform the Court in writing before I enter my guilty plea.

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea. If there were, I would so inform the Court.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my

compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offense(s) to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea. My attorney and I have discussed all possible defenses to the charges to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has

taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore wish to enter a plea of guilty to Count 1 of the indictment.

DATED: 1/31/13

JOSHUA RIVER RILEY, Defendant

As counsel for the defendant, I have conveyed all formal plea offers to the defendant. I have discussed with the terms of this plea agreement with the defendant, have fully explained the charge(s) to which the defendant is pleading guilty and the necessary elements, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 1/31/13

SUE ELLEN TATTER
Attorney for JOSHUA R. RILEY

On behalf of the United States, the following accept Joshua River Riley's offer to plead guilty under the terms of this plea agreement.

DATED: 2/1/13

JACK S. SCHMIDT
Assistant U.S. Attorney

DATED: 2/1/13

KAREN L. LOEFFLER
United States Attorney

Plea Agreement
U.S. v. Riley 1:13-cr-00002-TMB            Page 15 of 15

Case 1:13-cr-00002-TMB   Document 11   Filed 02/04/13   Page 15 of 15